UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MOONLIGHT MOUNTAIN RECOVERY, INC., an Idaho Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN MCCOY, an individual; ERIC MINNIG, an individual; COREY RICHARDSON, an individual; XAVIER "FRANCISCO" FLORES, an individual; JONATHON HUNT, an individual; JOHN DOES 1-10; ROE ENTITIES 11-20,<br><br>Defendants. | Case No. 1:24-cv-00012-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Moonlight Mountain Recovery's motion to amend the scheduling order (Dkt. 71). For the reasons set forth below, the Court will grant the motion.

## BACKGROUND

In January 2024, Moonlight filed this action against several former employees and their business partner alleging violations of the Computer Fraud

MEMORANDUM DECISION AND ORDER - 1

and Abuse Act and state law. *Complaint*, Dkt. 1. Several defendants moved to dismiss for lack of subject matter jurisdiction, which the Court granted with leave to amend. Dkt. 45. Moonlight filed an amended complaint and some of the defendants, again, moved to dismiss. Dkts. 46, 48, 50, 51. Shortly after these motions were filed, the Court entered a scheduling order setting forth the deadlines to govern the litigation. Dkt. 54. In February 2025, the Court denied the motions to dismiss, and the parties quickly agreed to a protective order to govern disclosure of material during discover. Dkts. 60, 62. Fact discovery closed on June 30, 2025 with expert discover to close a month later on July 31, 2025. Dkt. 54.

Moonlight now moves to amend the scheduling order to extend the remaining deadlines by 90 days. Defendants Hunt, Minnig, and McCoy all oppose the motion.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 16(b)(5), the Court may only amend a scheduling order if good cause exists to do so. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). The "good cause" standard focuses primarily on the "diligence of the party seeking amendment" but "a court may also consider the existence or degree of prejudice to the opposing party." *Id.* at 608. To demonstrate diligence, the moving party must show it "could not reasonably meet

**MEMORANDUM DECISION AND ORDER - 2**

the established timeline in a scheduling order despite [its] diligence." *DirectTV, Inc. v. Busdon*, No. CV-04-265-S-LMB, 2005 WL 1364571, at *1 (D. Idaho 2005). If the moving party "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 610.

## ANALYSIS

Moonlight insists it has diligently pursued discovery in this case. It attributes its inability to complete discovery in the time allotted to delays caused by the two rounds of motion practice and protracted negotiations over the protective order. The second set of motions to dismiss were resolved in early February 2025 and a stipulated protected order was entered about two weeks later. Dkts. 60, 63. At that point, over four months remained in the discovery period. *See* Dkt. 54. Despite its knowledge that the discovery period would expire in just a few months, Moonlight waited until April 28, 2025 to serve its first set of discovery requests. As the defendants point out, this delay certainly raises questions about Moonlight's diligence. The defendants argue that in addition to delaying discovery, Moonlight has failed to fulfill its discovery obligations. These failures include incomplete initial disclosures, delayed responses to written discovery, and, even when it did respond, those responses consisted largely of improper objections. Moonlight, in turn, points the finger back at the defendants, faulting them for the lack of

**MEMORANDUM DECISION AND ORDER - 3**

documents produced in response to Moonlight's requests. This argument is, largely, irrelevant as the proper consideration is Moonlight's diligence as it is the moving party.

That said, the Court cannot completely ignore the delay caused, mainly, by the second round of motion practice, which resulted in a roughly three-month delay of discovery. Delaying discovery during this period was, at least somewhat justified, given the resolution of the motions to dismiss could impact not only the scope of the case, but whether it proceeded in federal court. The defendants argue that an extension of the discovery period will prejudice them. They claim its unfair for Moonlight to drag them into federal court, not engage meaningfully in discovery, and then get bailed out by an extension. This sentiment is understandable; however, this prejudice does not outweigh other considerations. Front of mind in this case is the preference to resolve cased on their merits. So far it appears the parties have conducted limited discovery. The additional time from an extension will allow the defendants to get answers to some of their outstanding questions and facilitate a resolution of this case on the merits. To the extent any specific discovery violations do cause prejudice, the defendants have other remedies to mitigate that prejudice. Accordingly, the Court will grant the motion to amend.

**MEMORANDUM DECISION AND ORDER - 4**

Candidly, it was a close call whether to grant or deny Moonlight's request as Moonlight just barely meets threshold for good cause. The Court is therefore unlikely to grant any additional extension of these deadlines absent some unforeseen event or agreement among the parties.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion to Amend the Scheduling Order (Dkt. 65) is **GRANTED**.

2. The Court's Scheduling Order (Dkt. 54) is amended as follows:

| Event | Old Deadline | New Deadline |
|---|---|---|
| Dispositive Motions | August 30, 2025 | November 28, 2025 |
| ADR | May 31, 2025 | August 29, 2025 |
| Completion of Fact Discovery | June 30, 2025 | September 29, 2025 |
| Plaintiff's Expert Disclosure | May 1, 2025 | July 30, 2025 |
| Defendant's Expert Disclosure | June 2, 2025 | September 2, 2025 |
| Plaintiff's Rebuttal Expert Disclosure | June 16, 2025 | September 15, 2025 |
| Completion of Expert Discovery | July 31, 2025 | October 29, 2025 |

**MEMORANDUM DECISION AND ORDER - 5**



DATED: July 3, 2025

_____
B. Lynn Winmill
U.S. District Court Judge